IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **YOUNG YIL JO, No. 01183-112,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SIX UNKNOWN NAMES AGENTS [sic],** )<br>**or MR. PRESIDENT of the UNITED** )<br>**STATES BARACK OBAMA,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 12-1007-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Big Spring Federal Correctional Institution ("Big Spring"), brings this *pro se* civil rights action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis* ("IFP"). The one-page handwritten complaint is an incomprehensible string of legal terms in one run-on sentence that fails to state a cognizable claim against any Defendant. Moreover, as Plaintiff is incarcerated in the state of Texas, there is no discernible connection with the Southern District of Illinois.

This Court has the authority to transfer the action to a more appropriate forum, if one could be found. However, it appears that a transfer would be futile for the following reasons. A review of the electronic docket sheets available on the Public Access to Court Electronic Records

("PACER") website (www.pacer.gov),[1] in addition to revealing that Plaintiff has filed 361 separate civil actions in various federal district courts around the country, discloses that Plaintiff has accumulated more than three "strikes."[2] A "strike" is incurred when a prisoner's case seeking relief against a government defendant is dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Plaintiff is thus prohibited from filing another action *in forma pauperis* unless he "is under imminent danger of serious physical injury." *Id.*

The only statement in the nonsensical complaint that makes any reference to possible physical injury is the phrase, "inadequate medical care need dentures terrible pain unhappy depress mental injured victims personal injured no refuse to treat brain tumor" (Doc. 1, p. 1). This is insufficient for the Court to conclude that Plaintiff is facing imminent physical danger so as to overcome the three-strike bar. This action is **DISMISSED with prejudice.**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff filed this action without tendering any payment, and as of this date, he has not filed a motion to proceed IFP. Neither did his pleading disclose his litigation history or the fact that he has been "struck out" since 2006. Furthermore, it is clear from Plaintiff's extensive filing activity that he is a recreational litigator who has no hesitation in wasting the judicial resources of multiple district

---

[1] *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court documents are public records of which the Court can take judicial notice); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] *Jo v. Bush*, No. 03-cv-6206 (E.D. Ca., dismissed Dec. 15, 2003, for failure to state a claim upon which relief may be granted); *Jo v. Six Unknown Names Agents*, No. 06-cv-1714 (E.D. Ca., dismissed Dec. 1, 2006, as frivolous, malicious, and for failure to state a claim); *Jo v. Six Unknown Names Agents*, No. 06-cv-1529 (E.D. Ca., dismissed Dec. 4, 2006, as frivolous, malicious, and for failure to state a claim).

courts, despite his having "struck out" long ago. Even worse, when Plaintiff submitted the instant complaint, he included in the same envelope another (unsigned) complaint purporting to be an action brought by another federal inmate, Karliss Lyttle. That complaint was filed in Case No. 12-cv-1006-GPM. There is no indication that Mr. Lyttle authorized Plaintiff to file that case for him.

On October 26, 2012, Plaintiff submitted yet another complaint, which the Court has construed as a motion to amend the original complaint in this action (Doc. 3). It is just as disjointed as the original complaint, does not state any cognizable claim, and does not indicate that Plaintiff is under any imminent danger of serious physical injury. The motion to amend the complaint (Doc. 3) is therefore **DENIED.**

The courts of this Circuit will not tolerate these shenanigans, and Plaintiff's conduct leads this Court to conclude that a filing ban is appropriate, as he clearly has not been deterred by having struck out pursuant to § 1915(g). *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation") (citing *Support Sys. Intl, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995)). In addition, Plaintiff's submission of a separate complaint on behalf of another individual is a violation of Federal Rule of Civil Procedure 11, and may subject him to further sanctions.

**IT IS THEREFORE ORDERED** that until such time as Plaintiff has paid the $350 filing fee for this action in full, Plaintiff Young Yil Jo, BOP Register No. 01183-112, is **BARRED** from filing any future action in this Court, and the Clerk is **DIRECTED** to return unfiled any papers that he submits. Exempt from this filing restriction are: a notice of appeal in this case (which shall result in the imposition of an additional $455 filing fee); a petition for a

writ of habeas corpus; and any papers sought to be filed by Jo in a civil or criminal case in which he is a party defendant. *See Mack,* 45 F.3d 185; *Newlin v. Helman,* 123 F.3d 429, 436-37 (7th Cir. 1997). In accordance with this precedent, Plaintiff may apply for modification or recission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the $700 filing fees within that two years. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated:** January 2, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge